UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN MATTHEW FINNEGAN,

                      Plaintiff,

-against-

JOHN C. MORFORD, *et al.*,

                      Defendants.

22-CV-125 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, filed this action invoking the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. With one exception, all the named defendants are located in Atlanta, Fulton, and Dekalb counties in Georgia: John C. Morford, Fulton County Superior Court, Georgia Department of Labor, CF Real Estate Service, Fulton County Magistrate Court, Atlanta Police Department, Dekalb County Superior Court, Dekalb County Police Department, Alcide Honore, Honore Law, Kim Brock, Dustin G., Fulton County District Attorney's Office, Dekalb County District Attorney's Office, and the Dekalb County Jail. Plaintiff also names the Palm Beach County Jail, located in Florida. Plaintiff seeks damages and injunctive relief. For the reasons discussed below, the Court transfers this action to the United States District Court for the Northern District of Georgia.

## BACKGROUND

Plaintiff, who provides a New York address for himself, does not explain the role each Defendant played in what occurred. He alleges generally that Defendants, among other conduct: (1) falsely accused Plaintiff of "trespass[ing] on a private computer network"; (2) made false statements to obtain a protective order from the Fulton County Superior Court; (3) made false statements to the Dekalb County Police that Plaintiff, who was at the time living in Florida, had engaged in stalking behavior; and (4) had Plaintiff terminated as a patient at Emory Healthcare.

(ECF 2 at 9.) Plaintiff "fears for his life and believes the defendant is trying to" damage him professionally and to have him arrested or killed. (*Id.*)

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(1), (2).

Because Plaintiff does not allege that any defendant resides in this district or that any of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under Section 1391(b)(1), (2). Plaintiff's claims arose in a number of counties located in the United States District Court for the Northern District of Georgia. 28 U.S.C. § 90(a). Accordingly, the Court transfers this action to the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of Georgia. 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: February 9, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge